IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

**GILBERT LOPEZ**

        **Plaintiff,**

**vs.**                                                            **No. CIV 06-0731 LCS/WDS**

**JOHN DOES I through V,
individually and in their official
capacity and the BOARD OF COUNTY
COMMISSIONERS OF SANDOVAL
COUNTY,**

        **Defendants.**

**MEMORANDUM OPINION AND ORDER**

      **THIS MATTER** comes before the Court on Defendants' Motion to Dismiss Punitive Damages and Fifth Amendment Claims, filed November 28, 2006. (Doc. 24.) The Court, acting upon consent and designation pursuant to 28 U.S.C. § 636(c), having considered the motion, pleadings, memoranda, and relevant authorities, finds that Defendants' motion is well taken and should be **GRANTED**.

      **I.**      **FACTS.**

      On August 14, 2006, this case was removed to the United States District Court for the District of New Mexico from the 13th Judicial District of New Mexico. (Doc. 1.) The complaint names five John Doe Defendants in their individual and official capacities, and the Board of County Commissioners of Sandoval County as owner and operator of the Sandoval County Detention Center. (Doc. 1, Ex. A at 1.) Plaintiff alleges the following facts:

      On or about February 6, 2005, Plaintiff was incarcerated in the Sandoval County Detention Center. (*Id.*) On this date, the John Doe Defendants, each employed by the Sandoval County

Detention Center, "acting in concert and in the course and scope of their duties as employees . . . [,]" restrained and severely beat Plaintiff, causing facial bone fractures. (*Id*., Ex. A at 1-2.)

Plaintiff asserts that the John Doe Defendants' actions were intentional, and he claims damages for assault and battery, as well as for violation of Plaintiff's rights under the Fourth, Fifth, Eighth, and Fourteenth Amendments of the United States Constitution. (*Id*., Ex. A at 2.) Plaintiff claims that the John Doe Defendants' actions were the direct result of the "pattern, practice, and policies of the Sandoval County Detention Center and Defendant Board of County Commissioners." (*Id*.) Furthermore, Plaintiff claims that "the actions of the John Doe Defendants were . . . the result of the failure of the Sandoval County Detention Center and the Board of County Commissioners to provide proper supervision and training to ensure that the employees of the Sandoval County Detention Center knew that it is illegal and unconstitutional to beat, injure, and maim inmates . . . ." (*Id*.) Plaintiff claims, generally, compensatory damages and punitive damages, but specifically claims punitive damages against the John Doe Defendants. (*Id*.) On November 28, 2006, Defendants filed the instant motion to dismiss Plaintiff's punitive damages and Fifth Amendment claims. (Doc. 24.) Plaintiff filed a response on December 11, 2006. (Doc. 26.) Defendant replied on December 13, 2006. (Doc. 27.)

## II.   STANDARD OF REVIEW.

In considering Defendants' Motion to Dismiss under FED. R. CIV. P. 12(b)(6), I must assume as true all well-pleaded facts and must draw all reasonable inferences in favor of the Plaintiff. *See, e. g.*, *Sutton v. Utah State Sch. for Deaf & Blind*, 173 F.3d 1226, 1236 (10th Cir. 1999). I may not dismiss Plaintiff's cause of action for failure to state a claim "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Id.*

(internal quotation marks and citation omitted). "'The court's function on a Rule 12(b)(6) motion is not to weigh potential evidence that the parties might present at trial, but to assess whether the plaintiff's complaint alone is legally sufficient to state a claim for which relief may be granted.'" *Id.* (quoting *Miller v. Glanz*, 948 F.2d 1562, 1565 (10th Cir.1991)). "It is not, however, proper to assume that [Plaintiff] can prove facts that [he] has not alleged or that the defendants have violated the . . . laws in ways [Plaintiff has not] alleged." *Associated Gen. Contractors, Inc. v. Cal. State Council of Carpenters*, 459 U.S. 519, 526 (1983)). "[G]ranting a motion to dismiss is 'a harsh remedy which must be cautiously studied, not only to effectuate the spirit of the liberal rules of pleading but also to protect the interests of justice.'" *Cayman Exploration Corp. v. United Gas Pipe Line Co.*, 873 F. 2d 1357, 1359 (10th Cir. 1989) (quoting *Morgan v. City of Rawlins*, 792 F. 2d 975, 978 (10th Cir. 1986)).

### III.     ANALYSIS.

Defendants seek dismissal of Plaintiff's claims for: (A) punitive damages against the Board of County Commissioners and the John Doe Defendants in their official capacities; and (B) violation of Plaintiff's Fifth Amendment rights. I find that both claims should be dismissed, and I proceed in my analysis by discussing each claim in turn.

### (A)     Plaintiff's Claim for Punitive Damages Against the Board of County Commissioners and the John Doe Defendants in Their Official Capacities.

Defendants argue that this damages claim must be dismissed because punitive damages cannot be "recovered against government agencies" or individuals acting in their official capacities. (Docs. 24 at 2; 27 at 2.) Plaintiff does not specifically dispute this argument. Rather, he contends that he is "just now at a point where he can substitute the John Doe Defendants for the actual individuals

3

who are believed to have been responsible for the jail beating . . . ."  (Doc. 26 at 1.)  Upon review of the complaint, I note that Plaintiff does not specifically claim punitive damages against the Board of County Commissioners or the John Doe Defendants in their official capacities.  (Doc. 1, Ex. A.)  He simply claims punitive damages against the individual John Doe Defendants.  (*Id*., Ex. A at 2.)

To the extent that any claim is made for punitive damages against the Board of County Commissioners or the John Doe Defendants in their official capacities, I find that Defendants' motion to dismiss is well founded.  *See Wulf v. City of Wichita*, 883 F.2d 842, 856 n.19 (10th Cir. 1989) ("[M]unicipalities are not liable for punitive damages.") (citation omitted); *see also Doe v. County of Centre, PA*, 242 F.3d 437, 455 (3d Cir. 2001) ("[*City of Newport v. Fact Concerts, Inc.*, 453 U.S. 247, 271 (1981),] stands for the proposition that municipalities, and more broadly, state and local governments entities, are immune from punitive damages . . . ."); *see also Sheideman v. Shawnee County Bd. of Comm'rs*, 895 F. Supp. 279, 283 (D. Kan. 1995) ("[*City of Newport*, 453 U.S. 247,] precludes an award of punitive damages against a governmental authority . . . .  [Moreover,] [i]ndividual defendants sued in their official capacities are also immune to punitive damages.") (citations omitted); *see also Brandon v. Holt*, 469 U.S. 464, 469-72 (1985) (providing that immunity to punitive damages extends to government officials acting in their official capacity.)  Moreover, Defendants' argument is undisputed by Plaintiff, and Plaintiff cites no authority that might entitle him to punitive damages from the Defendants at issue.  Thus, Defendants' motion to dismiss the punitive damages claim against the Board of County Commissioners and the John Doe Defendants in their official capacities should be granted.

   **(B)**  **Plaintiff's Claim for Violation of Plaintiff's Fifth Amendment Rights.**

Defendants argue that: "Plaintiff's [claim] . . . for [violation] . . . of his Fifth Amendment rights must be dismissed because the Fifth Amendment's Due Process Clause is not actionable against the States." (Doc. 24 at 3.)  Plaintiff responds, contending that: "[i]t is well recognized that the Fifth Amendment provides a remedy for due process claims against counties."  (Doc. 26 at 1-2.) Defendants reply, stating that Plaintiff's argument pertains only to the Takings Clause of the Fifth Amendment, which is not at issue here.  (Doc. 27 at 2-3.)

I find that Defendants' position is well founded.  Plaintiff's Fifth Amendment claim appears to arise from the allegation that the John Doe Defendants beat him.  (Doc. 1, Ex. A.)  In this context, "[t]he Fifth Amendment due process clause only protects against due process violations caused by the federal government."  *Salazar v. Marquez, et al.*, No.  CIV 99-0807, at 10 (D.N.M. Nov. 7, 2000) (citations omitted); *see also Winfield v. Bass*, 106 F.3d 525, 530 n.2 (4th Cir. 1997) (stating that due process claim against state actors cannot be assessed under the Fifth Amendment which applies only to federal actors).  Defendants are correct that the authority supporting Plaintiff's position concerns the Takings Clause of the Fifth Amendment.  *See J.B. Ranch, Inc. v. Grand County*, 958 F.2d 306 (10th Cir. 1992).  The Takings Clause is not at issue here.  Thus, Defendants' motion to dismiss the Fifth Amendment claim should be granted.

**IV.    CONCLUSION.**

Taking the allegations made in the complaint as true and drawing all inferences in favor of the Plaintiff, I find that Defendants' motion to dismiss Plaintiff's claims for punitive damages against the Board of County Commissioners and the John Doe Defendants in their official capacities, and for violation of Plaintiff's Fifth Amendment rights, is well founded.  Plaintiff cannot obtain relief for these claims under any set of facts in this case, and Defendants are entitled to have these claims dismissed.

5

**WHEREFORE,**

**IT IS ORDERED** that Defendants' Motion to Dismiss (Doc. 24) is **GRANTED.** Plaintiff's claims for punitive damages against the Board of County Commissioners and the John Doe Defendants in their official capacities, and for violation of Plaintiff's Fifth Amendment rights, are dismissed. All other claims found in the complaint and not specifically addressed by this memorandum opinion and order remain intact.

**IT IS SO ORDERED.**

_____

**LESLIE C. SMITH**
**UNITED STATES MAGISTRATE JUDGE**