**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW MEXICO**

**GILBERT LOPEZ**

**Plaintiff,**

**vs.** **CIV 06-0731 LCS/WDS**

**WILLIAM POHLMEYER, Individually and in his official capacity, JOSEPH PACHECO, Individually and in his official capacity, B. PODLESNY, Individually and in his official capacity, MICHAEL DeWALT, Individually and in his official capacity, K. AYOUB, Individually and in his official capacity, LT. STEWARD, Individually and in his official capacity DETENTION OFFICER SCOTT, Individually and in his official capacity and the BOARD OF COUNTY COMMISSIONERS OF SANDOVAL COUNTY,**

**Defendants.**

**DEFENDANT JOSEPH PACHECO'S ANSWER TO FIRST AMENDED COMPLAINT**

Defendant Joseph Pacheco, by and through his attorneys, Slease & Martinez, P.A., respectfully answers the Plaintiff's "First Amended Complaint for Personal Injury and Punitive Damages Arising from Assault, Battery and Violations of Plaintiff's Constitutional Rights" (hereafter the "Plaintiff's Complaint") as follows:

1. The Defendant is without sufficient information to form a belief as to the truth of the allegations contained in paragraph 1 of the Plaintiff's Complaint and, therefore, denies same.

2. The Defendant admits that he was formerly employed by the County of Sandoval and assigned to its detention center as alleged in paragraph 2 of the Plaintiff's Complaint. The Defendant states that the remaining allegations contained in paragraph 2 of the Plaintiff's Complaint set forth legal conclusions and/or pertain to other parties in this matter and, therefore, no response to such allegations is required. To the extent a response is deemed required, the Defendant denies violating the Plaintiff's rights, denies proximately causing any injury or harm

to the Plaintiff and otherwise denies any liability to the Plaintiff in any capacity.

3. The Defendant acknowledges that the allegations contained in paragraph 3 of the Plaintiff's Complaint are pled in an effort to establish jurisdiction and venue in this Court, which the Defendant admits the Court has, but the Defendant denies the "acts and events complained of" by the Plaintiff occurred in the manner alleged by the Plaintiff.

4. The Defendant admits the allegations contained in paragraph 4 of the Plaintiff's Complaint.

5. The Defendant denies the allegations contained in paragraphs 5, 6, 7 and 8 of the Plaintiff's Complaint.

## GENERAL DENIAL

6. The Defendant denies each and every allegation of the Plaintiff's Complaint not specifically admitted above, including but not limited to any substantive allegations or claims for relief in Plaintiff's introduction and prayer for relief.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

Plaintiff's Complaint fails, in whole or in part, to state a claim upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

Plaintiff's Complaint is barred in whole, or in part, by the doctrines of qualified immunity and/or absolute immunity.

### THIRD AFFIRMATIVE DEFENSE

All actions of the Defendant were in done good faith and without malice, were justified,

legitimate, objectively reasonable, lawful and necessary under the circumstances, and were not taken with any deliberate indifference to Plaintiff's rights, nor do they shock the conscience

**FOURTH AFFIRMATIVE DEFENSE**

The acts or omissions of persons other than the Defendant constitute the sole proximate cause of the injuries and damages, if any, alleged by the Plaintiff.

**FIFTH AFFIRMATIVE DEFENSE**

The Defendant's purported actions and alleged omissions do not rise to the level of any statutory or constitutional deprivation of Plaintiff's rights.

**SIXTH AFFIRMATIVE DEFENSE**

Plaintiff's claims for punitive damages are barred, in whole or in part, by law.

**SEVENTH AFFIRMATIVE DEFENSE**

Plaintiff's claims are barred, in whole or in part, by the doctrines of estoppel, laches, self defense and unclean hands.

**EIGHTH AFFIRMATIVE DEFENSE**

Plaintiff's claims against the Defendant in his official capacity are barred due to Plaintiff's failure to allege or demonstrate a pattern of alleged unconstitutional acts and/or by Plaintiff's failure to demonstrate that the Defendant acted with deliberate indifference to Plaintiff's rights, and/or by Plaintiff's failure to demonstrate that the Defendant acted, authorized or approved alleged unconstitutional acts by the adoption and/or implementation of an official plan or policy.

**NINTH AFFIRMATIVE DEFENSE**

To the extent Plaintiff alleges that the Defendant was negligent or otherwise at fault

under any theory, which is denied, Plaintiff and/or other third persons were negligent or otherwise at fault, thereby barring or reducing Plaintiff's recovery from the Defendant under the principles of comparative fault.

**TENTH AFFIRMATIVE DEFENSE**

To the extent that the Plaintiff is attempting to assert claims under state law, Plaintiff's state law claims are barred, in whole or in part, to the extent immunity for such claims has not been waived under the New Mexico Tort Claims Act.

**ELEVENTH AFFIRMATIVE DEFENSE**

The actions of the Defendant did not constitute a pattern of unconstitutional acts which would subject him to liability.

**TWELFTH AFFIRMATIVE DEFENSE**

To the extent that the Plaintiff is attempting to assert claims under state law, Plaintiff's claims for damages, including any claims for interest or attorneys' fees under state law, are barred or limited by the terms of the New Mexico Tort Claims Act.

**THIRTEENTH AFFIRMATIVE DEFENSE**

The Plaintiff's claims are barred, in whole on in part, by the failure to seek, follow or exhaust any applicable administrative remedies and requirements.

**FOURTEENTH AFFIRMATIVE DEFENSE**

The Plaintiff's claims are barred, in whole or in part, by the terms of the Prison Litigation Reform Act.

**FIFTEENTH AFFIRMATIVE DEFENSE**

The Defendant reserves the right to rely upon such other defenses as may become known

or available during discovery proceedings in this case and hereby reserves the right to amend his answer to include such defenses.

WHEREFORE, having fully answered the Plaintiff's Complaint, the Defendant respectfully requests that the Court dismiss the Plaintiff's Complaint with prejudice, that the Court award the Defendant his costs and fees incurred herein, and for such other and further relief as the Court deems just and proper.

Respectfully Submitted:

SLEASE & MARTINEZ, P.A.
By: ***Electronically filed April 20, 2007***
WILLIAM D. SLEASE
JONLYN M. MARTINEZ
Attorneys for the Defendants
P.O. Box 1805
Albuquerque, NM 87103-1805
(505) 247-9488
(505) 247-9566 (fax)

I hereby certify that a copy of the foregoing pleading was mailed and/or served electronically by the Court's CM/ECF system to the following counsel of record on April 20, 2007:

James P. Lyle, Esq.
Law Offices of James P. Lyle, P.C.
Attorneys for Plaintiff
1116 Second Street NW
Albuquerque, NM 87102
(505) 843-8000

Daniel J. Macke
Brown & German
Attorneys for Sandoval County Defendants
2901 Juan Tabo Blvd., N.E., Suite 208
Albuquerque, NM 87112
(505) 292-9676

_***Electronically filed April 20, 2007***